MASSEY

*v.*

KING.

*(Supreme Court of Appeals of Virginia, Nov. 19, 1874.)*

**Appellate Practice—Two Appeals—Decrees of Appellate Court.***

Where a cause has been remanded by the appellate court with directions to proceed in accordance with its decree for the correction of certain errors, it is not intended by such decree that when the cause went back to the court below, further evidence might be taken by the defendants to show the incorrectness of other items of the account than those which were decided by that decree to be incorrect. And upon a second appeal the lower court will be sustained in the exclusion of such evidence.

**Continuances—Refusal of.**

It is not error for the trial court to refuse a continuance for the production of evidence, when such evidence would be inadmissible if produced.

**Appellate Practice—Correction of Mere Mistakes of the Court.**

Where the error is a mere mistake of the court, and is plainly in conflict with the report of the commissioner which was confirmed by the decree, such decree can be safely amended by the report, in pursuance of the Code of 1849, ch. 181, sec. 5 and 6.

**Bills of Review—Refusal to Allow—Laches.**

It is not error for the trial court to refuse to allow the appellant to file a bill of review to surcharge and falsify the commissioner's account on the grounds of newly-discovered evidence, where he had ample time to inform himself in regard to all matters contained in the account and to obtain such testimony as was necessary for his defence.

---

*See monographic note on "Decrees," Va. Rep. Anno.; monographic note on "Bills of Review" appended to Campbell *v.* Campbell, 22 Gratt. 649 (Va. Rep. Anno.).

Appeal from circuit court of Rockingham county.

The facts are fully stated in the opinion.

*John E. Massey*, for appellant.

*Liggett & Yancey*, for appellee.

CHRISTIAN, J., delivered the opinion of the court.

Four errors are assigned by the appellant in the decrees complained of in this cause, which we will consider and dispose of in the order in which they are assigned.

The first assignment of error is that the circuit court overruled the motion made by the defendants when the cause came on to be heard on the 23rd day of April, 1872, to continue the cause until the next term of the court, upon the ground stated in an affidavit filed in support of said motion, that they had lately discovered material testimony to show that a considerable amount of money with which Williams, the administrator *de bonis non* of A. G. Mauzy, was charged in the commissioner's report, was never collected by the said Williams, and never could be, but that part of it had been paid to the former administrator, Hopkins, and that they had used due diligence without being able to produce the said testimony before the commissioner.

The court is of opinion that there was no error in overruling the said motion; upon the ground, if no other, that the said testimony would have been inadmissible if produced, as will sufficiently appear when we come to dispose of the next assignment of error.

The second assignment of error is that the circuit court erred in sustaining the plaintiff's exceptions to the depositions of Joseph Good, J. C. Wetzel, Thomas Roberts and Z. D. Gilmer. The said depositions were taken in behalf of the

defendants to prove that the said Williams and his sureties as administrator *de bonis non* of the said Mauzy were entitled to additional credits to those which were allowed them by the decree made by this court in this cause on the 10th day of November, 1871, on account of debts due to the estate of said Mauzy which his said administrator *de bonis non* had not collected, and was unable to collect. The ground of the said exception was that the matters to which the said depositions related were conclusively settled and determined by the said former decree of this court in this cause, which was therefore a bar to any further controversy on the subject.

This assignment of error presents for decision the main question arising on this appeal. And that is, as to the true construction of the said decree of this court made in this cause on the 10th day of November, 1871.

No question exists in regard to such construction except upon a single point; which is, whether it was intended by the said decree that the account therein referred to, of said Williams, administrator of said Mauzy's estate, which was stated and reported by Commissioner Newman, under a decree made in a former suit between the same parties, involving the same subject of controversy, brought in August, 1859, the record of which suit was burnt on the 4th of June, 1864, while the same was pending and undetermined, should be regarded as conclusive against the said Williams and his sureties, except in regard to those items of the said account which were declared to be incorrect by the said decree of this court; or should be subject to be further surcharged or falsified by other evidence which might be taken by the defendants in the further proceedings to be had in the cause in execution of the said decree of this court.

The court is of opinion, that according to the true construction of the said decree, the said account was

1 Va Dec—5

intended to be conclusive against the said Williams and his sureties, except in regard to the items aforesaid. A. G. Mauzy, the intestate, died in 1850, leaving a large estate and a widow and several children. In January, 1851, G. T. Hopkins qualified as his administrator. In November 1852, the widow intermarried with E. F. Williams. In 1863, Hopkins gave up the administrator and Williams qualified as administrator *de bonis non*, giving the appellant John E. Massey and Frank Pence as his sureties. In 1859, a suit was brought in the circuit court of Rockingham county, by the next of his distributees at law of the said intestate against him and said administrator *de bonis non* and the said sureties, for a settlement of the administrator's accounts, and for distribution. That suit appears to have been actively prosecuted and defended for five years, and until the 4th of June, 1864, when the record of the suit with the other records of the court was destroyed by fire, while the suit was pending and undetermined. The account before referred to was settled by Commissioner Newman in that suit; but before it was confirmed, the record was destroyed and an end was thus put to the suit, at least for the time being. After the war, to wit, on the 15th day of July, 1866, *this* suit was instituted between the same parties and for the same purpose with the former suit, and *it* was also actively prosecuted and defended from that day for more than four years, and until the 5th day of October, 1870, when a final decree was rendered therein in favor of the plaintiff against the said Williams and his said sureties for the said plaintiff's distributive portion of the balance due by said Williams as administrator *de bonis non* as aforesaid. From that decree an appeal was taken to this court by the said John E. Massey, who is also the present appellant; and on that appeal the decree, the construction of which is now in controversy, was pronounced by this court on the 10th day of November, 1871. There

was then, apparently, in the record, the amplest material for making a just and final settlement of the controversy which had been so long pending. And it was the intention of this court by that decree to make an end of it and to leave nothing thereafter to be done but for a commissioner to state an account in pursuance of the said decree, and for the court below to supervise and confirm the account and enter a final decree accordingly. It was certainly not intended by the said decree of this court, that when the case went back to the court below, further evidence might be taken by the defendants to show the incorrectness of other items of the account than those which were decided by that decree to be incorrect. The amplest opportunity had already been afforded them to produce such evidence while the case was pending in the court below, and they had availed themselves of that opportunity in the fullest degree. The record is filled with such evidence. Among many other depositions on the subject to be found in the old record, is a long one of G. T. Hopkins, taken by the defendants on the 23rd of September, 1870. He speaks in regard to many of the items of the account of Commissioner Newman aforesaid ; and certainly no one could have had better opportunities of being well informed on the subject about which he was called to speak. Being asked, "Have you enjoyed facilities for becoming acquainted with the debts of A. G. Mauzy, deceased ; if so what were those facilities?" he answered, "I was his clerk for about twelve months before he died, and his administrator for two years. During my administration I tested a good many cases by suit and found out the condition of a good many of the debts." Notwithstanding this and other like evidence in the record, the court below seems to have regarded the aforesaid account of Commissioner Newman as conclusive, and decreed accordingly. But this court in reviewing that decree was of opinion (as stated in the opinion of this court) that said

account "ought not to be regarded as conclusive against the
said Williams and his sureties ; the same having never been
confirmed by the court, and it not appearing upon all the
evidence in the record taken together, that the said account
was ever adopted and agreed to by said Williams, as charged
in the bill, or that it was founded on evidence furnished by
him.   The probability rather is, that the items credited to
the estate in that account, in  addition  to the said sum of
$1,086.24, were taken by  the commissioner from  a list of
separate debts surrenderd by  the  original  administrator,
Hopkins, to the administrator *de bonis non*,  Williams,  and
considered by the said commissioner as proper credits to the
estate in the said account, in the absence of sufficient evi-
dence to the contrary.   But the court is of the opinion that
as it was the duty of the said administrator *de bonis non* to
keep full and accurate account of  all the money received by
him as such and to collect all the  credits of  the estate that
could be collected by him, and as he wholly failed to keep
any such accounts, the said account stated and reported by
Commissioner Newman as aforesaid, ought at least to be
regarded as *prima facie* correct, subject to be surcharged
and falsified so far as it may be shown to be incorrect by
sufficient evidence.   "The court is further of opinion," as
the said decree of this court proceeds to state, "that there
is sufficient evidence in the record to show the incorrectness
of the said account in crediting the estate as follows, viz. :"
and then the decree specifies five items which, in the opin-
ion of the court, and for reasons set forth, ought not to
have been credited to the estate, and as to which the said
account was therefore incorrect.   "But the court is further
of opinion," as said decree further proceeds to state, "that
there is not sufficient evidence in the record to show the
incorrectness of the said account in regard to any of the
other credits to the estate, of sums of money purporting to
have been received by the said administrator *de bonis non*

on account of it." This court was thus willing that the said account should be surcharged and falsified as far as could be done by evidence already in the record, but not to allow further evidence to be taken for that purpose. The amplest opportunity had already been afforded to take such evidence, and the opportunity had been used by the defendants to the fullest extent desired by them. There seemed, therefore, to be no reason or propriety in reopening the case for the taking of further depositions on the subject. After a long lapse of time and so much litigation, it seemed to this court that there ought to be an end to the controversy ; and accordingly the court made such decree as was considered just and right on the whole record as it then stood. It is to be hoped that justice was thereby done to all parties. But if injustice has been done to any party, it certainly has not been the consequence of not affording to such party sufficient time and opportunity to maintain his rights. If it had been intended by this court that further evidence might be taken when the cause went back, express provision would have been made for that purpose in the decree. Instead of that no such provision was made, but the decree of the court below was affirmed, except where it was in conflict with the opinion expressed in the decree of this court, and the cause was remanded for further proceedings to be had therein in conformity with the said opinion.

The court is therefore of opinion that the circuit court did not err either in sustaining the plaintiff's exceptions to the depositions taken by the defendant after the cause was remanded as aforesaid, nor in overruling the exception of the defendants to the report of Commissioner Dangerfield on the ground that it was not made in accordance with the decree of the court of appeals.

The third assignment of error is that the decree appealed from gives interest on $761.32 5-6, the principal amount of

each of the four distributive portions decreed against the said Williams' personal representative and sureties, from the 15th day of July, 1866, instead of from the 15th day of April, 1872, to which latter day the interest is calculated by Commissioner Dangerfield in making the total amount of each distributive portion due on that day, including principal and interest, $1,023.90 7-12, for which sum, with interest on the said principal from the 15th day of July, 1866, the decree was rendered as aforesaid ; thus giving double interest on the said principal in each case from the 15th day of July, 1866, to the 15th day of April, 1872.

The court is of opinion that this error is well assigned, and must therefore be corrected. But it can be done by amending the decree in that respect. The error is a mere mistake of the court and is plainly in conflict with the report of the commissioner which was confirmed by the decree. The decree can therefore be safely amended by the report, in pursuance of the Code, chap. 181, sections 5 and 6.

The fourth and last assignment of error is, that the circuit court erred in its decree of the 3rd day of May, 1872, in overruling the motion of the appellant for leave to file a bill of review, which was tendered by him on said motion.

The said bill of review is based upon allegations therein contained as to the discovery of new evidence further to surcharge and falsify the account aforesaid. That the court properly overruled the motion to file the said bill has already been sufficiently shown by what has been said in regard to the second assignment of error. If the appellant was uninformed in regard to any material matter alleged in his bill of review, he might and ought to have fully informed himself on the subject long before the decree of the 5th of October, 1870, from which the first appeal in this cause was taken, was rendered. The account settled by Commissioner

Newman as aforesaid, in which all the items of credit to the estate of Mauzy were sought to be charged against Williams as administrator *de bonis non* were included, was settled not long after the institution of the original suit in 1859 ; and since that time and until the said decree of the 5th of October, 1870, the appellant certainly had ample time fully to inform himself in regard to all the matters contained in said account, and to obtain such testimony as was necessary for his defence.

The court is therefore of the opinion that the said decree of the 23rd day of April, 1872, ought to be amended as aforesaid, and that decree so amended, and the said decree of the 3rd day of May, 1873, being the decree appealed from in this cause, ought to be affirmed.